(74 South. 167)

No. 21207.

REYNAUD v. FABACHER.

(Jan. 15, 1917. Rehearing Denied Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬥⟞1005(1)—QUESTIONS OF FACT—CONCLUSIVENESS.

The findings of the jury and trial judge on questions of fact will not be disturbed, unless clearly erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876, 3948.]

*(Additional Syllabus by Editorial Staff.)*

2. DAMAGES ⬥⟞132(15) — INADEQUATE DAMAGES—PERSONAL INJURY.

A verdict of $2,000 for plaintiff, a laborer, 47 years of age, earning $16 per week, for fractures of the tibia and fibia, which after a year and a half left a deformity and a permanent lameness and incapacity for continued work and caused physical and mental pain, was inadequate and would be increased to $3,500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 396.]

O'Niell, J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Louis Reynaud against Peter Fabacher, in which, after his death pending appeal, his widow, Mrs. Sophie Wendling Fabacher, executrix, made herself a party defendant. Judgment for plaintiff, and de-fendant appeals. Judgment amended by increasing it from $2,000 to $3,500, and as amended affirmed.

Wm. C. Dufour, H. Generes Dufour, and George Janvier, all of New Orleans, for appellant. Lewis R. Graham, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff, age 47, was injured while working on the river front, near Jackson avenue, in New Orleans, May 16, 1913. He and another laborer were engaged in "heading" or arranging cotton on the docks, when a dray of defendant was driven by one of his employés into the dock with a load of cotton. While the dray was being unloaded by said employé, one of the bales struck plaintiff, and the two bones in one of his legs were broken.

He alleged that the injury was due to the fault and negligence of defendant's employé, and he asked for judgment in the sum of $4,704.30, which included a claim of $1,000 for exemplary damages. The balance was for actual damages. This is not a case in which exemplary damages will be allowed.

Defendant answered that plaintiff's injuries were due to his own fault and negligence, and asked that the suit be dismissed.

There was a trial before a jury, and a verdict and judgment in favor of plaintiff and against defendant in the sum of $2,000. Defendant has appealed.

Plaintiff has answered the appeal, and has asked for an increase in the judgment to the amount claimed in his petition.

[1] Plaintiff was injured, as has been stated, while heading cotton in close proximity to a float belonging to defendant which was being unloaded. He contends, and introduces evidence to show, that he was in a safe place on the side of, and at a safe distance from, the float; but that the driver, contrary to the method usually followed in unloading cotton from a float, threw a bale off the side

of the float, instead of rolling it to the tail, and the bale struck plaintiff and broke his leg. On the other hand, defendant contends that the bale of cotton which struck plaintiff was not unloaded from the side of the float, but from the rear or tail, and that plaintiff should have remained a safe distance away from the float while it was being unloaded, or should have paid attention to what was going on around him.

The evidence on this point, as to whether the bale of cotton was unloaded from the side or not, is conflicting. Four witnesses testified on behalf of the plaintiff that the bale was rolled over the side of the float near plaintiff, who was working to the side of the float; while three witnesses for the defendant testified that it was rolled off the rear or tail, and that defendant was standing near the rear of the float. The jury and the judge who heard and saw the witnesses accepted the testimony of those who appeared for the plaintiff, and found a judgment for plaintiff. We have examined the testimony, and think that the jury came to a correct conclusion. The judgment, in this respect, will not be disturbed.

[2] The evidence shows that plaintiff sustained a fracture of the lower third of the bone, which is known as the tibia, and a fracture of the upper or middle third of the bone, known as the fibia; the two separating bones in the lower portion of the leg. A radiograph, taken at the time of the trial, a year and a half after the accident, shows the union of the two bones with a deformity; especially of the tibia, and very little of the fibia.

Plaintiff was taken to the Charity Hospital in the city of New Orleans, where he was treated, and a plaster cast was put on his limb. He was sent home the next day, and his attending physician testified, on the trial, that the jointure of the foot and ankle was not perfect; that:

"There is a shortening of the limb. I haven't measured it, but I can tell from his walking there is a shortening; and another thing the ankle joint is impaired. In other words, the functions are not perfect."

He testified that he could not tell how long the disability might continue; but he regarded the injury as permanent, because the ankle could not be restored to its usefulness without being fractured again, and that that was too hazardous to do because it was so near the ankle joint.

We conclude from the evidence that the injury to the leg is greater than that which results from a simple fracture. Plaintiff has been lamed by the accident; and this lameness cannot be cured, according to the testimony of the attending physician. Plaintiff testified that when he attempts to work he is compelled to cease after a short time, because of the great swelling and pain in his limb. Whether this swelling and pain will continue to interfere with his working at his vocation is impossible to say. He was earning on an average $16 per week before the accident and since that time his average earnings have been $8.66 per week. He reserved the right, in his petition, to claim further damages for loss of wages, but he has not done so in this suit.

The testimony shows further that plaintiff suffered great pain in body and mind, and he is entitled to recover damages therefor. He is a cripple, one leg being shorter than the other; and this will doubtless interfere with his earning capacity in the future.

Under the circumstances, we think that the verdict is too small, and should be increased.

In the case of Francois v. Maison Blanche Realty Co. et al., 134 La. 215, 63 South. 880, Ann. Cas. 1916B, 451, where the plaintiff suffered a fracture of the foot, which was mashed or broken down, a rupture and laceration of the ligaments, and permanent injuries to the ankle, and plaintiff could not hold any job where he had to walk or get

around, the court increased the verdict from $2,000 to $5,052.47. The judgment in this case will be increased from $2,000 to $3,500.

During the pendency of this case on appeal, the defendant died; and his widow, Mrs. Sophie Wendling Fabacher, has been appointed executrix of his succession, and she has made herself a party defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the judgment from $2,000 to $3,500 in favor of plaintiff and against Mrs. Sophie Wendling Fabacher, executrix of the succession of Peter Fabacher; and as thus amended it is affirmed. All cost to be paid by defendant.

O'NIELL, J., is of opinion the judgment should be affirmed.